**Paul B. NARGIZ, Plaintiff,**

**v.**

**HENLOPEN DEVELOPERS, a Delaware limited partnership in which Max Ambach is the General Partner, Defendant.**

Superior Court of Delaware, Sussex.

Submitted Sept. 5, 1975.

Decided Jan. 29, 1976.

Robert L. Halbrook, and Battle R. Robinson, of Wilson, Halbrook & Bayard, Georgetown, for plaintiff.

Richard P. Beck, of Morris, James, Hitchens & Williams, Wilmington, for defendant.

BUSH, Judge.

This is an action based on a contract for the sale of a condominium unit in The Henlopen Condominium in Rehoboth, Delaware. Plaintiff, an individual, seeks to terminate his obligations as purchaser under such contract and to recover from defendant, Henlopen Developers, the limited partnership which constructed The Henlopen, his earnest money deposit. In support of his action, plaintiff claims the right to rescind the contract under the interstate Land Sales Act (hereinafter ILSA), 15 U.S.C. §§ 1701–1720. Defendant has denied this claim and has asserted a counter-claim seeking declaratory judgment against plaintiff to the effect that plaintiff has breached the contract and that defendant may properly terminate plaintiff's interests thereunder including any right to a return of the earnest money deposit. In connection with the claim for rescission under the ILSA, both defendant and plaintiff now move for summary judgment.

Defendant's motion for summary judgment proceeds on the theory that the ILSA was not enacted to regulate condominium projects such as The Henlopen. More specifically, defendant argues that a condominium unit in The Henlopen is not a "lot" subject to the ILSA. Section 1703 of the ILSA broadly defines the coverage of the Act as follows:

(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instrument of transportation or communication in interstate commerce, or of the mails—

(1) to sell or lease any lot in any subdivision unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title and a printed property report, meeting the requirements of section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract; . . .

(b) Any contract or agreement for the purchase or leasing of a lot in a subdivision covered by this chapter, where the property report has not been given to the purchaser in advance or at the time of his signing, shall be voidable at the option of the purchaser.

Plaintiff relies on section (b) above as a basis for cancelling his contract, since he never received a printed property report. This right of cancellation exists only if the contract pertains to a "lot" in a "subdivision" subject to the ILSA.

The term "subdivision" is defined in § 1701(3) as:

. . . any land which is divided or proposed to be divided into fifty or more lots, whether contiguous or not, for the purpose of sale or lease as part of a common promotional plan . . .

Unfortunately the term "lot" is not clearly defined in the Act. Reading the ILSA as a whole strongly suggests that only real estate in the traditional sense of the word was meant to be regulated (see for example Sections 1702(a)(2), 1702(a)(3), 1702(a)(8), 1702(a)(9), and 1705(2), 1705(5). However, subsequent to the enactment of the ILSA, the Office of Interstate Land Sales Regulation (OILSR), which is charged with administering the Act, issued a preamble to its rules and regulations as well as a position letter stating that a condominium unit is considered a "lot" within the ILSA.

Assuming that a condominium is a "lot", the crucial question for purposes of this motion is whether a unit such as one in The Henlopen is exempted from coverage by another section of the ILSA. Section 1702(a)(3) specifically excludes from ILSA regulation:

. . . the sale or lease of any improved land on which there is a residential, commercial, or industrial building,

or . . . . the sale or lease of land under a contract obligating the seller to erect such a building thereon within a period of two years . . .

Therefore, the exemption will apply if the sale of a unit in The Henlopen involved improved land.

■ Under the Delaware Unit Property Act, 25 Del.C. § 2201 et seq., no real property qualifies as a condominium regime unless and until a proper Declaration and Declaration Plan are filed of record showing among other things, a description of the land and buildings, and common elements. 25 Del.C. § 2221 mandates that any deeds to the units must refer to the Declaration and Declaration Plan and the name of the political subdivision and the name of the county in which the building is situate.

■ Only after the building has been substantially completed can the accuracy of the Declaration Plan be attested under oath as required by 25 Del.C. § 2220. Such a certification would be impossible prior to construction of the building. Thus, the Declaration Plan must depict the building as it actually exists, not just as it is proposed to be erected.

■ This means that the subject matter of plaintiff's contract necessarily consists of improved land. Without the completed building, no Declaration or Declaration Plan can be filed under the Delaware Unit Property Act whereby the airspace over the land becomes "subdivided" into "lots" capable of separate conveyance to the various purchasers as plaintiff.

Since the plaintiff has not contracted for the purchase of unimproved land, nor could he under the Delaware Unit Property Act be required to take title to unimproved land, the ILSA has no application to plaintiff's contract to purchase a unit in The Henlopen. Accordingly, summary judgment for defendant is granted and summary judgment for the plaintiff is denied.

It is so ordered.